UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JUSTIN ODDO,

                        Plaintiff,

   v.                                           Civil Action No. _____

NATIONAL RECOVERY SOLUTIONS, LLC.,

                        Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Justin Oddo is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant National Recovery Solutions, LLC., (hereinafter "NRS") is a domestic limited liability corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt to M&T Bank. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by M&T Bank or the current creditor to collect on the subject debt.

13. That in or about July 2010, Defendant contacted Plaintiff's mother. In the subject conversation Defendant disclosed that Plaintiff owed a debt. Defendant then offered to settle the subject debt for $1000 if Plaintiff's mother would pay it. Plaintiff's mother agreed, and settled the subject debt.

14. That in or about July 2010, Plaintiff received a letter from Defendant acknowledging the settlement of the subject debt. Plaintiff then learned that Defendant contacted his mother and disclosed that he owed the subject debt. Prior to Defendant's discloser, Plaintiff's mother was unaware that Plaintiff owed a debt.

15. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

16. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 15 above.

17. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692b(2) and 15 U.S.C. §1692c(b) by contacting Plaintiff's mother, disclosing that Plaintiff owed a debt and discussing that debt.

   B. Defendant violated 15 U.S.C. §1692f by contacting Plaintiff's mother and collecting the subject debt which she did not owe. Said action by Defendant was an unfair and unconscionable means to collect the subject debt.

18. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a)  Actual damages;

    (b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: February 11, 2011

/s/ Seth Andrews
Kenneth R. Hiller, Esq.
Seth Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
        sandrews@kennethhiller.com